## HORACE H. DAY *vs.* BERKSHIRE WOOLLEN COMPANY.

It is not error to render judgment for an amount of damages exceeding the *ad damnum* in the writ, after the action, together with other claims of the plaintiff against the defendant, has been referred to arbitrators under a rule of court.

Error does not lie to correct a mistake in the taxation of costs by the clerk.

Where several actions for the obstruction, at successive periods of time, of the wheels of one mill by the backwater of another, are referred by rule of court to arbitration, the travel and attendance of witnesses, who are summoned, attend, and are paid, in all the actions, may be taxed in each.

Where two actions to recover damages for an injury to a married woman by the cars of a railroad corporation, one brought by her husband alone, and the other by her husband and herself jointly, are tried together, by order of the court, the travel and attendance of witnesses who attend in both actions are to be taxed in each action. 422, *note.*]

WRIT OF ERROR to reverse a judgment rendered by this court, at September term 1853, for the defendants in error, in an action brought by them against the plaintiff in error.

The errors assigned were, 1st. That a judgment was rendered in that action "on the 23d day of September 1853, for the sum of $962.50 damages, although the *ad damnum* in the original writ was $499 only, on which judgment, so erroneous, an execution issued on the 17th day of October 1853, for said sum of $962.50, and for the further sum of $252.48 costs of suit." 2d. That "in the taxation of costs in said action, there were embraced the costs for travel and attendance of witnesses in three other suits between the same parties in said court, whereas but one travel and attendance was actually had by said witnesses."

The defendants plead, "that there is no error in the record of the proceedings in said case, and that the said judgment therein is not erroneous in matter of fact, and of this they put themselves on trial." "And for further answer, they say that the said case was referred by agreement of parties, with other matters in dispute, to certain arbitrators, and judgment was properly rendered upon the award of said arbitrators."

The action in which the original judgment was rendered appeared, from the record of the proceedings therein, to be an action on the case, brought in this court on the 1st of October

1850, to recover damages for the obstruction of the water-wheels of the plaintiffs' mill on the Housatonic River by the backwater caused by the defendant's dam, from the 5th of July 1850 to the date of the writ. The *ad damnum* in the writ was $499.

At May term 1852, this case and three other similar actions previously brought, " together with all claims of the plaintiffs against the defendant for maintaining his dam, subsequent to the date of the writ, and prior to the first action," were referred by the parties, under a rule of court, to referees; who made their award at the same term that the Berkshire Woollen Company recover of Day the sum of $962.50 as damages for the maintenance of his dam, ·together with the costs of reference, taxed at eighty dollars, and the costs of court, to be taxed by the court. On this award judgment was rendered, and execution issued thereon, at September term 1853.

The clerk, in taxing the costs in these four cases, allowed, in the bill of costs in each case, the travel and attendance of the same witnesses.

*C. N. Emerson*, (*I. Sumner* was with him,) for the plaintiff in error. 1. It is error to render judgment for a greater sum than the *ad damnum* in the writ. *Grosvenor* v. *Danforth*, 16 Mass. 74. *Hemmenway* v. *Hicks*, 4 Pick. 497. The reference to arbitrators of the subject matter of the action gave them no authority to change the technical form or effect of the process, or to award a greater amount of damages than was claimed in the declaration. *Culver* v. *Ashley*, 17 Pick. 98. *Shearer* v. *Mooers*, 19 Pick. 308. *Shearer* v. *Handy*, 22 Pick. 417. *Moore* v. *Tracy*, 7 .Wend. 229. *Davenport* v. *Bradley*, 4 Conn. 309. By such an enlargement of the process, third parties, such as intermediate attaching creditors of Day, might be affected.

2. The taxation of costs was erroneous, and oppressive on the plaintiff in error. Only one travel and attendance of witnesses should have been taxed. All the suits were for the same cause of action; one trial would settle the whole controversy; and the actions were in fact, under the rule of reference, consolidated. *Curtis* v. *Buzzard*, 15 S. & R. 21. *Thomas* v. *Sever*, 12 Mass. 379. *Paine* v. *McIntier*, 1 Mass. 69. *Dawes* v. *Bell*, 4 Mass. 106.

Error lies to correct the taxation of costs, when taxed upon an erroneous principle. *Field* v. *First Massachusetts Turnpike*, 5 Mass. 389. *Waite* v. *Garland*, 7 Mass. 453.

*J. D. Colt*, (*J. Rockwell* was with him,) for the defendants in error. 1. The judgment was rendered upon an award under a rule of court, by agreement of parties, submitting the case, with other matters, to arbitrators. Such agreement operates as a waiver of all exceptions to the form of process and strict rules of proceeding. *Forseth* v. *Shaw*, 10 Mass. 253. *Merrill* v. *Gold*, 1 Cush. 460. *Coffin* v. *Cottle*, 4 Pick. 454. Error does not lie to reverse a judgment rendered on an agreement of the parties *Alfred* v. *Saco*, 7 Mass. 380. *Carroll* v. *Richardson*, 9 Mass. 329. *Wellington* v. *Stratton*, 11 Mass. 394. *Johnson* v. *Shed*, 21 Pick. 227.

2. The costs of the travel and attendance of witnesses were rightly taxed. *Taylor* v. *Verm. & Mass. Railroad*, Franklin, 1851.* But if there was any error in the taxation of costs, the only remedy was by appeal. *Jacobs* v. *Potter*, 8 Cush. 236.

*Emerson*, in reply, said that the decision in *Forseth* v. *Shaw*, 10 Mass. 253, was based upon *Camden* v. *Edie*, 1 H. Bl. 21, in which the parties had expressly agreed not to bring error; and that no decision on the point was required in *Merrill* v. *Gold*, 1 Cush. 460. And as to the taxation of costs, he remarked that in the two actions of *Taylor* v. *Verm. & Mass. Railroad*, the plaintiffs were different.

THOMAS, J. Two causes of error are assigned. 1st. That the judgment rendered exceeded the *ad damnum* of the writ. 2d. That the taxation of costs was erroneous.

---

*AMOS TAYLOR *vs.* VERMONT AND MASSACHUSETTS RAILROAD COMPANY. AMOS TAYLOR & wife *vs.* SAME.

Two actions to recover damages for an injury occasioned to Mrs. Taylor by the cars of the defendants. The first action was brought by her husband alone to recover for the loss of services, expenses, &c , incurred by him; and the second by the husband and wife jointly to recover for the immediate injury to her. The cases were tried together, by order of *Metcalf*, J. and resulted in verdicts for the plaintiffs. The presiding judge, after consulting the other judges, directed that the travel and attendance of those witnesses, who attended in both cases, should be taxed in each case, as if the cases had been tried separately.

1. The execution which was issued conformed to the judg-ment. The error therefore, if any, was not in the process, but in the judgment. Upon what was this judgment rendered? The defendants in error brought their suit, setting forth their cause of action, to wit, damages for the obstruction of the water-wheels of their mill, by means of backwater caused by the dam of the plaintiff in error, from a given date (July 5th 1850) to the date of the writ (October 1st 1850) with an *ad damnum* sufficient to cover such damages. After the entry of the action, the parties agreed to refer the action, that is, the claim for dam-ages from July 5th to October 1st 1850, and with it three similar previous actions between the same parties, and the claim for damages for a period prior to the first action, and also for the period subsequent to the date of the writ. This is an agree-ment, in terms, that if the plaintiff recover at all, he shall recover upon other and larger claims than that set forth in the writ. It is an agreement to such change or enlargement of the process as is necessary to accomplish this result. It would be absurd to say, we will include with this suit all the damages, if any, for two years, and yet retain the *ad damnum* which will only cover a period of six months.

The general principle is conceded, that the agreement to refer is a waiver of defects in the declaration and pleadings. If it is a waiver of any thing, it must be of that defect, without the correction of which the agreement of the parties cannot be carried into effect; and that agreement cannot be carried into effect without enlargement of the *ad damnum*. The argument for the plaintiff in error seemed to proceed on the ground that the judgment is entered upon the writ, and that there is therefore a manifest variance. But the judgment is the result or legal con-clusion of the entire record, and is in conformity with it. It is a judgment upon proceedings modified and fashioned by the written agreement of the parties, which is part of the record.

The effect upon third persons is not open to us, nor does the illustration furnish any aid in reaching a correct conclusion upon this, for the agreement of parties may well conclude them, though it cannot affect the rights of third persons, as bail or subsequent attaching creditors.

2. The second error assigned has reference to the taxation of costs. The suits were not for the same cause of action, though they were for like causes of action. They were for damages done to the plaintiff for different periods of time. The decision of one would not determine the others, though it might indicate the principles upon which they were to be determined. If the witnesses were summoned, and attended and were paid in the different cases, their travel and attendance might be taxed in each. Whether they so attended, was a question to be determined by the clerk in the first instance, and upon appeal by the court. If the plaintiff in error failed to take such appeal, or if, taking, he failed to prosecute it, he cannot reverse this judgment because such taxation was erroneous. This point was settled in *Jacobs* v. *Potter*, 8 Cush. 236.                    *Judgment affirmed.*

[MERRICK, J. having been one of the referees, did not sit in this case.]